The bill in this case was filed to make the estate of Cf. Smith liable for the value of the personal estate of A. Smith, which it was alleged he had improperly sold during the revolutionary war, without authority under the will of his testator. The bill charged that the will not only gave no direct authority to sell, but on the contrary directed that the personal estate, after certain specific and pecuniary bequests to the widow of the testator, should be equally divided between the two children of the testator: That the will also authorized the executor to lay out the monies growing out of his estate, for the advantage of testator’s children: That the executor without applying to the court of chancery and without any necessity to justify it, disposed at public sale of all the personal estate; and omitted to take good security for some of the purchases; and did not take bond from some of the purchasers for two years after the sale, when the depreciation of the currency had rendered the money of little value: and omitted to sue or procure good security on the bonds of those who were known to be in bad circumstances.
There are no traces of the proofs or of the arguments in this case; but chancellor Mathews made the following entry on his brief: — -It ivas “ decreed that G-. Smith, fhe executor of A. Smith having sold the estate of the *305 testator, without any authority under the will, or otherwise, do account to complainants for the amount sales, except so much thereof as was directed by the will of A. Smith to be borrowed to pay his widow’s legacy; as it was immaterial whether the executor sold to pay the legacy, or borrowed for that purpose, as it must have been paid at last; and as the estate was not sufficiently productive to do so out of the profits* a sale must ultimately have been had recourse to. And if any of the securities taken for the sales should prove defective, the est ate of the executor G. Smith must be accountable, he having acted illegally in the sale thereof.”